WILLIAM H. GUILFORD *vs.* GEORGE M. DELANEY and others.

If it is does not appear that the justices who approved a poor debtor's bond given to procure his release from arrest on execution, were selected in accordance with R. S., c. 113, §§ 22 and 40, it cannot be deemed a statute bond.

A disclosure, commenced on the last day of the six months, and lasting until three o'clock of the succeeding morning when it was concluded, and the poor debtor's oath administered, will not save a forfeiture of the bond, unless the delay was had at the request of the creditor, or the forfeiture was waived by him.

A creditor's participation in the examination of the debtor after the expiration of the six months, does not constitute a waiver of such forfeiture.

ON REPORT.

DEBT, on a poor debtor's bond of the usual form, dated Nov. 21, 1868, given by the defendants to procure the release of the defendant, Delaney, from arrest on an execution, issued on a judgment recovered in this court, in and for the county of Hancock, on Nov. 14, 1868, for $619.71 debt, and $27.51 costs.

Guilford v. Delaney.

Below the bond was the following certificate :.

"KENNEBEC, ss. Nov. 23, 1868.

"We, the subscribers, two disinterested justices of the peace and quorum, for said county, do approve the above bond.

(Signed) S. C. HARLEY,
Selected by Wm. H. Libbey, officer.
S. TITCOMB,
Selected by W. P. Whitehouse."

The plaintiff put into the case certified copies of the writ, and judgment in *Guilford* v. *Delaney*, the execution issued thereon, together with the officer's return thereon, and the bond declared on.

The defendants introduced the disclosure of Delaney, signed and sworn to by him, the record of the magistrates before whom the disclosure was made, the discharge granted to Delaney by them, and the deposition of Asa Gile, one of the magistrates.

The magistrates' record, after reciting their citation, and that on the 21st day of May, 1869, at ten o'clock, A. M., George M. Delaney appeared before them, in accordance with a citation duly issued and served, the administration of the oath to make a full disclosure, &c., concluded as follows :

"At six o'clock P. M., said debtor not finishing his disclosure, a further adjournment was had for the space of one hour ; and at the expiration of said hour, said debtor. and creditor's attorney appeared before said justices, and the said debtor proceeded to make further disclosure of his business affairs, and continued until two o'clock the following morning, at which time said debtor finished his disclosure and signed the same. And, after hearing the arguments of the debtor's and creditor's attorneys, the said justices duly considered the said debtor's disclosure and the arguments of counsel on the one side and the other, and were not able to agree to administer the oath to said debtor ; and the said justices chose Richard M. Mills, Esq., a justice of the peace and quorum for said county, as the third justice, in accordance with R. S. c. 113, § 40 ; that said Mills appeared and met with said justices at three o'clock A. M.,

May 22, 1869; that said justices heard the debtor's and creditor's attorneys concerning the said debtor's disclosure; that after duly examining said disclosure, and duly considering the same, said R. M. Mills and said Asa Gile, being two of the said justices, were of the opinion that said debtor was entitled to have the oath, provided in R. S., c. 113, § 28, administered to him; and that in accordance with that opinion said justices did administer said oath to him." (Signed.)

From the deposition of Asa Gile, it appeared that he was one of the justices before whom Delaney disclosed; that Vose and Whittemore appeared as attorneys for the creditor; that they continued to participate in the examination until past midnight; that they did not object or protest against the selection of the third justice; that after the selection of Mills, no objection to the administration of the oath to the debtor was made on the ground that the time had expired; that remarks were submitted by the attorneys, on both sides, to the court of three justices, as to the right of Delaney to take the oath; and that the creditor's attorneys requested that the record should be full, in order to show the exact time when the oath was administered.

On cross-examination, he testified that all the adjournments were had at the suggestion of the court for the purpose of taking their meals.

A copy of the disclosure was also put in.

After the testimony was all in, the case was withdrawn from the jury and reported to the full court, who, if the action was maintainable, were to render judgment by default, and assess the damages.

*W. P. Whitehouse*, for the plaintiff.

*A. Libby*, for the defendants.

DICKERSON, J.   Debt on a poor debtor's bond.

Without considering the other objections to the bond in suit we think it is not a statute bond, because the justices, who approved it, were not selected according to law.   By R. S., c. 113, §§ 22 and 40, when the creditor does not approve the bond of a poor debtor

taken upon his arrest or imprisonment on execution, it may be approved by two justices of the peace and quorum, one to be selected by the debtor, and the other by the creditor, his agent or attorney; and if the creditor neglects or refuses to select a justice, the officer may select one.

One of the magistrates, who approved the bond in suit, was selected by the officer without any reason assigned for it, and the other by W. P. Whitehouse, without stating to the jury for whom he acted in making the selection. For aught that appears in the case, both the creditor and the debtor may have had no voice in selecting the magistrates who approved the bond. If it were to be presumed that the officer acted in the line of his duty in selecting one of the justices, there would still be wanting evidence that the debtor selected the other.

Though the bond is not a statute bond it is good at common law. *Winthrop* v. *Dockendorff*, 3 Greenl. 156. *Pease* v. *Norton*, 6 Greenl. 333. *Call* v. *Foster*, 49 Maine, 453.

But though the bond is good at common law, in order to save a forfeiture of it, there must have been a performance of one of its alternative conditions. The only condition claimed to have been performed is that which provides for a disclosure before two justices of the peace and quorum, &c., within six months from the date of the bond. This was not done. Although the disclosure was commenced within, it was not completed, nor was the oath taken, until after the six months had expired. The delay was not had at the request of the debtor, nor did he waive his right to claim a forfeiture of the bond, by participating in the examination after the six months had elapsed. So far from intending to waive this right, by this proceeding, the creditor requested the justices to make up their record so as to show the exact time when the oath was administered. It was for the debtor to take care, and cite the creditor in such season, as would enable him to finish his disclosure within the time specified in the bond. The creditor had no voice in appointing the time for making the disclosure; and the mode and extent of the examination were matters for the determination of the mag-

istrates. It does not appear that the debtor or the justices made any objection to the continuation of the examination, beyond the allotted time, or that the creditor requested it. The disclosure and oath were, therefore, in no respect a fulfillment of the condition of the bond. *Morrison* v. *Corlis*, 44 Maine, 98. *Fales* v. *Goodhue*, 25 Maine, 423. *Newton* v. *Newbegin*, 43 Maine, 293. *Jewett* v. *Rines*, 39 Maine, 9. *Burnham* v. *Howe*, 23 Maine, 489.

The bond being good at common law is subject to chancery according to the actual damages. *Call* v. *Foster*, 49 Maine, 453. In accordance with the agreement of the parties, the defendants must be defaulted, and the damages assessed by the court.

The only evidence upon the question of damages is contained in the debtor's disclosure. That negatives the ownership of any attachable property by him, during the time covered by the bond, in the direct examination, and the cross-examination does not seem to elicit anything that substantially discredits the answers drawn out in chief. The damages, therefore, are only nominal.

*Defendants defaulted for one dollar damages.*

APPLETON, C. J.; CUTTING, BARROWS, and TAPLEY, JJ., concurred.